IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:19-cv-575-C |
| WILLIAM NEIL "DOC" GALLAGHER, GALLAGHER FINANCIAL GROUP, INC., and W. NEIL GALLAGHER PhD AGENCY, INC., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

Cort Thomas, the court appointed Receiver, has moved the Court for a hearing for Hopkins Mining, LLC and Gary Hopkins, Sr. to Show Cause why each of them should not be held in civil contempt for intentionally violating the Court's Order Appointing Receiver [Dkt. No. 14]. *See* Dkt. No. 59. The Receiver explains that,

> [b]ased on information suggesting Defendants [W. Neil "Doc" Gallagher, Gallagher Financial Group, Inc., and W. Neil Gallagher, Ph.d Agency, Inc.] had invested in or loaned a substantial amount to Hopkins Mining, LLC ("Hopkins Mining") which Hopkins Mining had failed and refused to repay to Defendants, the Receiver requested that a representative of Hopkins Mining provide information and documents about the transaction. Despite undisputed receipt of the Receivership Order and the Receiver's requests, Hopkins Mining and its representative, Gary Hopkins have to date, ignored the Receivership Order and the Receiver's requests. The Receiver accordingly requests that the Court schedule a hearing for Gary Hopkins and Hopkins Mining to show cause why each should not be held in contempt until such time as they comply with the Receivership Order in all respects.

Dkt. No. 59 at 1-2.

After requiring the Receiver to properly serve Gary Hopkins, Sr. and later granting a request for substitute service, *see* Dkt. Nos. 61 & 71; *see also* Dkt. No. 73 (affidavit of service), Senior United States District Judge Sam A. Cummings referred the Receiver's Motion for Show Cause Hearing and for Compensatory Sanctions (the "Show Cause Motion") to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and directed that the matter be set for a hearing and that, upon the conclusion of the hearing, the undersigned enter his Findings, Conclusions and Recommendation, which will then be considered by Judge Cummings, *see* Dkt. No. 77.

The undersigned then entered a Show Cause Order that provided that "[a] show cause hearing is set for October 28, 2019 at 10:00 a.m. before United States Magistrate Judge David L. Horan, 1100 Commerce Street, 15th Floor, Dallas, Texas. Gary Hopkins, Sr., individually, and a representative of Hopkins Mining LLC are hereby ordered to appear at this hearing, then and there to show cause why each should not be held in civil contempt and incarcerated or fined until such time as each complies with the terms of the Court's Receivership Order. Further, at the hearing, the Court will consider awarding monetary sanctions to compensate the estate for the necessity of having filed the Motion for Show Cause Hearing." Dkt. No. 78 at 1.

The undersigned also ordered "the Receiver to file proof of service of process on Gary Hopkins, Sr., either by personal service or any other way deemed proper, regarding this Show Cause Order." *Id.* at 1-2.

The Receiver filed affidavits of substitute service and service by mailing on

...
...
...
...
...

October 24, 2019. *See* Dkt. Nos. 84 & 85.

The undersigned held the hearing on the Receiver's Motion for Show Cause Hearing and for Compensatory Sanctions on October 28, 2019, *see* Dkt. No. 166, and the Receiver's counsel appeared as ordered, but Gary Hopkins, Sr. and a representative of Hopkins Mining, LLC did not appear for the hearing as ordered, *see* Dkt. No. 86.

The undersigned issues the following findings of fact, conclusions of law, and recommendation on the Receiver's Motion for Show Cause Hearing and for Compensatory Sanctions [Dkt. No. 59] and, under 28 U.S.C. § 636(e)(6), certifies facts that, in the undersigned's opinion, show that Gary Hopkins, Sr.'s and Hopkins Mining, LLC's conduct constitutes a violation of the Court's Order Appointing Receiver [Dkt. No. 14] (the "Receivership Order") for which Gary Hopkins, Sr., individually, and a representative of Hopkins Mining, LLC should be cited to appear before Judge Cummings and show cause why Gary Hopkins, Sr. and Hopkins Mining, LLC should not be held in civil contempt and be subject to appropriate judicial sanctions as described below.

**Background**

The Receiver's Motion for Show Cause Hearing and for Compensatory Sanctions explains:

> 1. On March 8, 2019, the Court entered an Order Appointing Receiver (the "Receivership Order"). The Order appointed Cortney C. Thomas as Receiver for the Defendants, and directed him to take possession and control over all funds, property and other assets in the possession of, or under the control of Defendants. Receivership Order, Section II, ¶ 7; and ¶ 17.
> 2. Further, the Receivership Order requires that all persons who receive

-3-

a copy of the Receivership Order, without need of formal service, fully cooperate with the Receiver and not interfere with his efforts to assume control over Receivership Property. (Receivership Order ¶ 27A.). The Receivership Order also requires that all persons holding books, records, or assets of the Defendants and who receive a copy of the Receivership Order deliver those items to the Receiver upon his request. (Receivership Order ¶ 15).

3. The Receiver discovered information demonstrating that one or more of the Defendants made a loan or an investment in Hopkins Mining. Additionally, one or more investors were also persuaded to invest in Hopkins Mining by Defendant Neil Gallagher. The Receiver also discovered that repayment of the loan or investment was in default.

4. Upon discovering this information, the Receiver complied with 28 U.S.C. § 7544 and within ten days of his appointment, filed the Receivership Order and the SEC's Complaint in the Northern and Southern Districts of Indiana, where Gary Hopkins Sr. resides, and in the District of Colorado, where Hopkins Mining purportedly operates.

5. Pursuant to a letter emailed on March 11, 2019 to Mr. Hopkins and Hopkins Mining, the Receiver's attorney sent a copy of the Receivership Order. The letter requested that Mr. Hopkins freeze any investment made by any Defendant and provide copies of contracts and related information related to any funds held on behalf of or owed to any Defendant. Although the letter requested an immediate response, none was received.

6. On March 15, an additional letter was sent to Mr. Gary Hopkins and Hopkins Mining, via certified mail and regular mail. The "green card" for the certified mail delivery was returned "unclaimed," following delivery attempts made on March 21, 26, and April 6th, 2019. The letter sent by regular mail was not returned.

7. To date, neither Mr. Gary Hopkins, nor any representatives of Hopkins Mining have responded to the Receiver's correspondence. No documents or information regarding the investments at issue have been provided to the Receiver by any representative of Hopkins Mining.

Dkt. No. 59 at 2-3 (footnotes omitted).

The Receiver contends that, "[a]ccordingly, Gary Hopkins and Hopkins Mining are in contempt of court. Their receipt of the Receivership Order and the Receiver's accompanying request for documents and information is undisputed. Their conduct in failing to respond is an intentional and knowing violation of the Receivership Order

and the Receiver requests the Court to direct Mr. Hopkins individually, and a representative of Hopkins Mining to appear and show cause why each of them should not be held in civil contempt for their intentional violation of the Receivership." *Id.* at 4.

The Receiver further explains that,

- "[a]s an initial consideration, the Receiver's compliance with 28 U.S.C. § 754 (the 'Receivership Statute'), vests this Court with in rem jurisdiction over any assets owned by or owed to Defendants, regardless of where such assets are located"; and,

- "[f]urther, service of process of an Order to Show Cause upon Gary Hopkins Sr. and Hopkins Mining will likewise provide the Court with personal jurisdiction over Gary Hopkins, Sr. and Hopkins Mining. The Receivership Statute's companion statute, 28 U.S.C. § 1692 provides for nationwide service of process for any person residing in any district in which a receiver has filed his appointment papers in compliance with the Receivership Statute. Compliance with the two statutes and service in accordance with the provisions of 28 U.S.C. § 1692 establishes nationwide personal and subject matter jurisdiction."

*Id.* at 4-5.

According to the Receiver,

[t]he evidence demonstrates Hopkins Mining's and Gary Hopkins' knowing and intentional refusal to comply with the Receivership Order by providing documents and information in their control regarding assets either invested in or loaned to Hopkins Mining by Defendants. Hopkins Mining and Gary Hopkins' conduct is thus contumacious and merits a coercive sanction unless and until and unless each demonstrate their current inability to comply with the Receiver's requests for compliance with the Receivership Order. ....
    Accordingly, the Receiver requests a hearing for Gary Hopkins and Hopkins Mining to appear and show cause as to why each should not be held in contempt of court and incarcerated or fined until each fully complies with the Receivership Order.
....
    The Receiver provided notice that he would seek to hold Hopkins Mining and Gary Hopkins in contempt of court if they failed and refused

> to respond to his request for documents and information as required by the Receivership Order. Each ignored the Receivership Order and the Receiver's requests for documents and information.
>
> Because Hopkins Mining and Gary Hopkins' conduct necessitated this Motion, the Receiver accordingly requests sanctions against Gary Hopkins and Hopkins Mining, jointly and severally, in the amount necessary to prepare this Motion and estimated to argue the Motion.

*Id.* at 6-7 (footnote omitted).

The Receiver asks the Court to enter "a Show Cause Order directing Gary Hopkins and a representative of Hopkins Mining to appear in court and show cause why each should not be held in civil contempt for failing to comply with the Court's Receivership Order, and also requests monetary sanctions to compensate the receivership estate for the costs of this motion and the hearing." *Id.* at 7.

At the October 28, 2019 hearing, the Receiver's counsel represented that he sent an email on October 25, 2019 to the only email address on file for Hopkins Mining, attempting to work out the issues without the need for a hearing, but that he had received no response.

Mr. Thomas also took the stand at the October 28, 2019 hearing and testified that he and his counsel had incurred a conservatively estimated $4,000.00 in fees and expenses in connection with the Motion for Show Cause Hearing and for Compensatory Sanctions, which amount he asks the Court to award against Gary Hopkins and Hopkins Mining, jointly and severally, as a monetary sanction.

## Legal Standards

In a case in which, as here, the matter is referred to a magistrate judge under 28 U.S.C. § 636(b), 28 U.S.C. § 636(e)(6) provides that, "[u]pon the commission of any

[act of contempt] – ... (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where – ... (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge."

"A party may be held in contempt if he violates a definite and specific court order requiring him to perform or refrain from performing a particular act or acts with knowledge of that order." *Whitfield v. Pennington*, 832 F.2d 909, 913 (5th Cir. 1987). "The judicial contempt power is a potent weapon" that should not be used unless a specific aspect of the court's order has been "clearly violated." *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999).

"Contempt is characterized as either civil or criminal depending on its 'primary purpose.'" *In re Collier*, 582 F. App'x 419, 522 (5th Cir. 2014). "If the purpose of the sanction is to punish the contemnor and vindicate the authority of the court, the order is viewed as criminal." *Id.* (internal quotation marks omitted). "A contempt order is civil in nature if the purpose of the order is (1) to coerce compliance with a court order or (2) to compensate a party for losses sustained as a result of the contemnor's actions."

*Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 290-91 (5th Cir. 2002).

To show that civil contempt is warranted, a moving party must establish "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992). Intent is not an element of civil contempt; the issue is whether the alleged contemnor has complied with the court's order. *See Whitfield*, 832 F.2d at 913. The standard of proof for civil contempt is clear and convincing evidence, which is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted).

"After the movant has shown a *prima facie* case, the respondent can defend against it by showing a present inability to comply with the subpoena or order." *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987). "Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production." *United States v. Rylander*, 460 U.S. 752, 757 (1983). Additionally, "[t]he respondent may avoid a contempt finding by establishing that is has substantially complied with the order or has made reasonable efforts to comply." *In re Brown*, 511 B.R. 843, 849 (S.D. Tex. 2014) (citing *U.S. Steel Corp. v. United Mine Workers of Am., Dist. 20*, 598 F.2d 363, 368 (5th Cir. 1979)). And, "[e]ven if liability is established, the respondent may demonstrate mitigating

-8-

circumstances that might persuade the Court to withhold the exercise of its contempt power." *Id.* (citing *Whitfield*, 832 F.2d at 914).

"Upon a finding of civil contempt, the Court has broad discretion to impose judicial sanctions that would coerce compliance with its orders and compensate the moving party for any losses sustained. The Court may impose a conditional fine, provided the amount is reasonably designed to force compliance without being punitive, and/or a fixed term of imprisonment, with the condition that the contemnor be released if he or she complies with the court order. The Court also may require that the contemnors pay reasonable attorney's fees incurred by the moving party in obtaining the contempt finding." *Mary Kay Inc. v. Designs by Deanna, Inc.*, No. 3:00-cv-1058-D, 2013 WL 6246484, at *4 (N.D. Tex. Dec. 3, 2013) (citations omitted); *see also Collier*, 582 F. App'x at 422 ("Imprisonment is an appropriate remedy for either civil or criminal contempt, depending on how it is assessed. If the prison term is conditional and coercive, the character of the contempt is civil; if it is backward-looking and unconditional it is criminal." (internal quotation marks and footnote omitted)).

## Analysis

The undersigned, under 28 U.S.C. §§ 636(b) and 636(e)(6), now certifies the following facts that, in the undersigned's opinion, show that the following complained-of conduct by Gary Hopkins, Sr. and Hopkins Mining, LLC constitutes a civil contempt of the requirements of the Court's Order Appointing Receiver [Dkt. No. 14] (the "Receivership Order").

On March 8, 2019, the Court entered that Order Appointing Receiver [Docket

No. 14] ("Receivership Order"), which appoints Mr. Thomas as the Receiver of the assets of the Defendants and authorized the Receiver to obtain from third parties documents and information regarding the business of the Defendants and the collection of funds due to the Defendants.

Specifically, the Receivership Order provides:

> 5. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys, and other agents of the Receivership Defendants are hereby dismissed and the powers of any general partners, directors, and/or managers are hereby suspended. 'Such persons and entities shall have no authority with respect to the Receivership Defendants' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of the Receivership Defendants and shall pursue and preserve all of their claims
> ....
> 7. Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:
> > A. To dismiss all agents, representatives, and employees of the Receivership Defendants;
> > B. To use reasonable efforts to determine the nature, location, and value of all assets of the Receivership Defendants, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights, and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Defendants own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");
> > C. To take custody, control, and possession of all Receivership Property and all books, records, and accounts relevant thereto, until further Order of this Court, and to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;
> > D. To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;
> > E. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring

       expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

       F. To take any action that, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Receivership Defendants;

       G. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, bankers, traders or auctioneers, and other professionals or consultants;

       H. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

       I. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

       J, To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

       K. To pursue, resist, and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

       L. To take such other action as may be approved by this Court.

....

       12. The Receivership Defendants' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questibns which the Receiver may put to them and produce all documents as requited by the Receiver regarding the business of the Receivership Defendants, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Defendants. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

....

       15. The Receivership Defendants, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Defendants, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts, account passwords, encryption passwords, computer passwords, device PINs and

passwords, and all other instruments, data, papers or assets of the Receivership Defendants are hereby directed to deliver the same to the Receiver, his agents and/or employees.

16. All banks, brokerage firms, financial (or other) institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Defendants that receive actual notice of this Order by personal service, facsimile transmission, or otherwise shall:

> A. Not liquidate, transfer, sell; or otherwise convey any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Defendants except upon instructions from the Receiver;
>
> B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;
>
> C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and
>
> D. Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

....

27. The Receivership Defendants and all persons receiving notice of this Order by personal service, facsimile, email, or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;
>
> B. Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;
>
> C. Dissipate or otherwise diminish the value of any Receivership

> Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property; or,
>
> D, Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

Dkt. No. 14 at 2-4, 6-8, 11-12.

Under 28 U.S.C. § 754, Notice of the Receiver's appointment and true and correct copies of the Complaint filed in this lawsuit and the Receivership Order were filed in the United States District Court for the Southern District of Indiana. *See* Dkt. No. 60-4; 28 U.S.C. § 754 ("A receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall, upon giving bond as required by the court, be vested with complete jurisdiction and control of all such property with the right to take possession thereof. He shall have capacity to sue in any district without ancillary appointment, and may be sued with respect thereto as provided in section 959 of this title. Such receiver shall, within ten days after the entry of his order of appointment, file copies of the complaint and such order of appointment in the district court for each district in which property is located. The failure to file such copies in any district shall divest the receiver of jurisdiction and control over all such property in that district.").

In a March 11, 2019 letter from the Receiver's counsel to Gary Hopkins and

Hopkins Mining, LLC, the Receiver provided Gary Hopkins and Hopkins Mining with a copy of the Receivership Order and made demand on Gary Hopkins and Hopkins Mining to provide certain documents and information regarding an investment made by Defendants with Hopkins and Hopkins Mining (the "Receiver's Demand") under the Receiver's authority under paragraphs 12 and 16 of the Receivership Order. Specifically, the letter provided:

> The undersigned represents Cort Thomas. Pursuant to the Order Appointing Receiver (the "Receivership Order") entered in the case referenced above, Mr. Thomas was appointed Receiver for W. Neil Doc Gallagher, Gallagher Financial Group, Inc. and W. Neil Gallagher, Ph.D. Agency, Inc. (collectively, the "Receivership Entities").
> A copy of the Receivership Order is enclosed for your review. All persons who receive a copy of the Receivership Order, without need of formal service, are required to fully cooperate with the Receiver and may not interfere with his efforts to assume control over Receivership Property. (Receivership Order ¶ 27 A.).
> Pursuant to his appointment, the Receiver is now the only person authorized to have possession or control over any assets owned by any of the Receivership Entities, including any investment by any of the Receivership Entities in Hopkins Mining. (Receivership Order ¶ 5 , 7 C.). In observance of a Temporary Restraining Order also entered in the case referenced above, the Receiver has halted all operations of any kind, by the Receivership Defendants. The Receiver has discovered that one or more of the Receivership Entities may hold an investment in Hopkins Mining. As required by the enclosed Receivership Order, (see ¶¶ 12 and 16), please provide me with any contracts by and between Hopkins Mining and any Receivership Entity, the value of any current investment such Receivership Entity made with Hopkins Mining, and the current status of such investment (i.e., is mining in process, etc.). You are also instructed to **immediately** freeze any such investment funds. No offsets or credits against the investment are allowed. I will provide further instructions regarding the investment at a later date, and after receiving the information requested above.
> Additionally, please provide any other information you believe is relevant or helpful to the Receiver with respect to his duties to the Court and recovering assets for the investors in the Receivership Entities.
> The information requested above should be sent to me not later

> than the close of business on March 12, 2019 by email or fax at 214 706-4242 or Charlene.koonce@solidcounsel. com. If you have any questions, or need any additional information you may reach me at the same email address or at 214 706-4215. Thank you for your immediate attention to these requests.

Dkt. No. 60-8 at 1-2. And, on March 15, an additional letter was sent to Mr. Gary Hopkins and Hopkins Mining, via certified mail and regular mail. Specifically, that letter provided:

> This letter follows a nearly identical request emailed to you on Monday, March 11, 2109. The undersigned represents Cort Thomas. Pursuant to the Order Appointing Receiver (the "Receivership Order") entered in the case referenced above, Mr. Thomas was appointed Receiver for W. Neil Doc Gallagher, Gallagher Financial Group, Inc. and W. Neil Gallagher, Ph.D. Agency, Inc. (collectively, the "Receivership Entities").
> A copy of the Receivership Order is enclosed for your review. All persons who receive a copy of the Receivership Order, without need of formal service, are required to fully cooperate with the Receiver and may not interfere with his efforts to assume control over Receivership Property. (Receivership Order ¶ 27A.).
> Pursuant to his appointment, the Receiver is now the only person authorized to have possession or control over any assets owned by any of the Receivership Entities, including any investment by any of the Receivership Entities in Hopkins Mining. (Receivership Order ¶ 5, 7C.). In observance of a Temporary Restraining Order also entered in the case referenced above, the Receiver has halted all operations of any kind, by the Receivership Defendants.
> The Receiver has discovered that one or more of the Receivership Entities may hold an investment in Hopkins Mining. As required by the enclosed Receivership Order, (see ¶¶ 12 and 16), please provide me with any contracts by and between Hopkins Mining and any Receivership Entity, the value of any current investment such Receivership Entity made with Hopkins Mining, and the current status of such investment (i.e., is mining in process, etc.). You are also instructed to **immediately** freeze any such investment funds. No offsets or credits against the investment are allowed. I will provide further instructions regarding the investment at a later date, and after receiving the information requested above.
> Additionally, please provide any other information you believe is relevant or helpful to the Receiver with respect to his duties to the Court

      and recovering assets for the investors in the Receivership Entities. And, provide copies of all checks, loan documents, and correspondence related to any transaction between you and any Receivership Entity or any person referred to you by any Receivership Entity.
          The information requested above should be sent to me not later than the close of business on March 18, 2019 by email or fax at 214 706-4242 or Charlene.koonce@solidcounsel.com. If you have any questions, or need any additional information you may reach me at the same email address or at 214 706-4215. Thank you for your immediate attention to these requests.
          **Please be advised that failure to comply with the requests above violates the Receivership Order (see Receivership Order, ¶ 7J, and ¶ VII 27) for which the Receiver will seek to hold you or any of you individually, in contempt of court.**

Dkt. No. 60-9 at 1-2.

Gary Hopkins, Sr. and Hopkins Mining failed to respond to the Receiver's Demand.

On June 25, 2019, the Receiver filed the Receiver's Motion for Show Cause Hearing and for Compensatory Sanctions. *See* Dkt. No. 59.

The Receiver retained a process server who attempted to serve Gary Hopkins, Sr. (Jr.) at his home located at 2129 S. Leslie Lane, Scottsburg, Indiana 47170 with a copy of the Receivership Order and the Show Cause Motion. Gary Hopkins (Jr.) informed the process server that his father Gary Hopkins, Sr. was not at the residence. *See* Dkt. No. 70-3.

The Indiana Secretary of State identifies Gary Hopkins at 2129 S. Leslie Lane, Scottsburg, Indiana 47170 as the registered agent for Hopkins Mining and indicates that the email address of sillakay@yahoo.com is "the email address at which electronic service of process may be accepted and is publicly viewable." Dkt. No. 70-2.

And, on August 5, 2019, the Receiver's counsel's office sent to Gary Hopkins via email at sillakay@yahoo.com a copy of the Receivership Order and Show Cause Motion. *See id.*

On September 24, 2019, the Receiver filed the Receiver's Motion for Substituted Service Upon Gary Hopkins, Sr. [Dkt. No. 70] and provided evidence of the multiple attempts made to serve Gary Hopkins, Sr. at 2129 S. Leslie Lane, Scottsburg, Indiana 47170 and evidence that Gary Hopkins, Sr. was living at this address.

On September 25, 2019, the Court entered an Order authorizing the Receiver to effectuate service of the Receivership Order and Show Cause Motion on an adult 18 years or older who resides at 2129 S. Leslie Lane, Scottsburg, Indiana 47170, or, if such person refuses, to post said pleadings on the front door of the property located at 2129 S. Leslie Lane, Scottsburg, Indiana 47170. *See* Dkt. No. 71.

Based on the Court's order authorizing substitute service on Gary Hopkins, Sr., a process server retained by the Receiver served on October 1, 2019 the Receivership Order and Show Cause Motion on October 1, 2019 on Gary Hopkins (Jr.) at 2129 S. Leslie Lane, Scottsburg, Indiana 47170. *See* Dkt. No. 73. According to the process server, on being served Gary Hopkins (Jr.) indicated that "he will set the papers on fire." *Id.* at 1. The Affidavit of Service regarding the substitute service on Gary Hopkins, Sr. was filed with the Court on October 2, 2019. *See* Dkt. No. 73.

On October 4, 2019, the undersigned entered a Show Cause Order compelling Gary Hopkins, Sr., individually, and a representative of Hopkins Mining to appear before the Court on October 28, 2019 at 10:00 a.m. and show cause as to why they each

should not be held in civil contempt for violating the Receivership Order. *See* Dkt. No. 78. On October 19, 2019, the Show Cause Order was served on Gary Hopkins, Sr. by serving a female adult over the age of 18 at 2129 S. Leslie Lane, Scottsburg, Indiana 4717. *See* Dkt. No. 84. And, on October 22, 2019, the Show Cause Order was served by email on Hopkins Mining at the email address listed with the Indiana Secretary of State. *See* Dkt. No. 85.

Neither Gary Hopkins, Sr. nor a representative of Hopkins Mining appeared at the October 28, 2019 show cause hearing.

Under 28 U.S.C. § 754, this Court has jurisdiction over Receivership Assets, as defined in the Receivership Order, in Indiana. Gary Hopkins, Sr. had notice of the Receivership Order and to date has failed to comply with the Receiver's Demand made based on the Receivership Order. And the registered agent for Hopkins Mining had notice of the Receivership Order, and to date Hopkins Mining has failed to comply with the Receiver's Demand made based on the Receivership Order. The Receiver's compliance with 28 U.S.C. §§ 754 and 1692's standards and requirements to serve Gary Hopkins, Sr. and Hopkins Mining establishes nationwide personal and subject matter jurisdiction. And the evidence establishes that Gary Hopkins, Sr. and Hopkins Mining have failed to comply with the Receivership Order by providing, based on the Receiver's Demand, documents and information in their control regarding assets either invested in or loaned to Hopkins Mining by Defendants.

Accordingly, Gary Hopkins, Sr. and Hopkins Mining are each in civil contempt of the Receivership Order. And, as a consequence of the refusal of Gary Hopkins, Sr.

and Hopkins Mining to comply with the Receivership Order, the receivership estate has incurred attorneys' fees and expenses of $4,000.

## Recommendation

Gary Hopkins, Sr., individually, and a representative of Hopkins Mining, LLC should be cited to appear before Senior United States District Sam Cummings on a date that the Court will set and show cause why each should not be held in civil contempt for violating the Court's Order Appointing Receiver [Dkt. No. 14] and be subject to appropriate judicial sanctions to coerce compliance with the Court's orders and/or compensate the Receiver for the fees and expenses incurred sustained as a result of the refusal of Gary Hopkins, Sr. and Hopkins Mining to comply with the Receivership Order.

The Receiver's Motion for Show Cause Hearing and for Compensatory Sanctions [Dkt. No. 59] should, accordingly, be granted to the extent that the Court finds Hopkins Mining, LLC and Gary Hopkins, Sr. in contempt and imposes appropriate judicial sanctions.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 1, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE