IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | No. 3:19-cv-575-C |
| WILLIAM NEIL "DOC" GALLAGHER, GALLAGHER FINANCIAL GROUP, INC., and W. NEIL GALLAGHER PhD AGENCY, INC., | | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Cort Thomas, the court-appointed Receiver, has filed a Motion for Appointment of Appraisers, Approval of Appraisals of Certain Real Property and Setting Hearing Regarding Approval of Sale, *see* Dkt. No. 125 (the "Receiver's Motion"), which Senior United States District Judge Sam A. Cummings referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and directed that the matter be set for a hearing and that, upon the conclusion of the hearing, the undersigned enter his Findings, Conclusions, and Recommendation, which will then be considered by Judge Cummings, *see* Dkt. No. 126.

The Receiver seeks to sell certain real property located at 504 S. First Avenue, in Stephenville, Texas (the "Stephenville Property") as described in the Receiver's Motion.

-1-

## Background

Pursuant to an Amended Order Appointing Appraisers, Approving Appraisals of Certain Real Property and Setting Hearing Regarding Approval of Sale, *see* Dkt. No. 128 (the "Order"), the Court appointed the three appraisers identified by the Receiver in the Receiver's Motion as qualified disinterested persons for appraisal of the Stephenville Property pursuant to 28 U.S.C. § 2001(b), *see id.*

Pursuant to the Order, the Court accepted the appraisals of the Stephenville Property from the Appraisers as required by 28 U.S.C. § 2001(b). *See id.* The Appraisers appraised the value of the Stephenville Property at $99,500.00, $97,000.00, and $96,000.00, with an average appraised value of $97,500.00. *See* Dkt. Nos. 125-2, 125-3, & 125-4.

Pursuant to 28 U.S.C. § 2001(b), the Court set a hearing for March 9, 2020 at 9:30 a.m. to hear arguments and objections regarding the confirmation of the sale of the Stephenville Property (the "Hearing"). *See* Dkt. No. 128.

Pursuant to 28 U.S.C. § 2001(b), and as reflected in Exhibit 1 as admitted at the Hearing, the Receiver published notice of the proposed sale of the Stephenville Property and the Hearing in the *Stephenville Empire Tribune*.

The notice invited anyone with a bona fide offer to purchase the Stephenville Property for at least a ten percent increase over the price agreed to by the Receiver in the sales contract included in the Receiver's Motion and presented to the Court for confirmation (the "Sales Contract"), *see* Dkt. No. 125-1, to present the offer to the Receiver at or prior to the Hearing.

The Receiver did not receive prior to or at the Hearing any offers to purchase the Stephenville Property that exceeded the price agreed to by the Receiver in the Sales Contract.

**Legal Standards & Analysis**

28 U.S.C. § 2001(b) provides:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

Here, the Receiver has complied with each of Section 2001(b)'s requirements, where:

- the Court appointed three disinterested persons to appraise the Stephenville Property;
- the Receiver's agreement to sell the Stephenville Property for $99,500.00 exceeds the average appraised value of the Stephenville Property;
- the terms of the Sales Contract were published in a newspaper of general circulation at least ten days before confirmation; and
- no bona fide offer has been made or received by the Receiver that exceeds the price agreed to which the Receiver agreed in the Sales Contract.

The undersigned concludes that confirming the Receiver's sale of the Stephenville Property is in the best interest of the Receivership Estate and complies

with 28 U.S.C. § 2001(b).

**Recommendation**

The Court should confirm the Receiver's proposed sale of the Stephenville Property pursuant to the Sales Contract and authorize the Receiver to execute a special warranty deed and such other documents as may be required to sell and convey the Stephenville Property for the sales price of $99,500.00 pursuant to the Sales Contract.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 9, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE