IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 3:19-cv-575-C |
| WILLIAM NEIL "DOC" GALLAGHER, GALLAGHER FINANCIAL GROUP, INC., and W. NEIL GALLAGHER, Ph.D. AGENCY, INC., | § § § § § § § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Cort Thomas, the court-appointed Receiver, has filed a Motion for Appointment of Appraisers, Approval of Appraisals of Weatherford Property and Setting Hearing Regarding Approval of Sale of Weatherford Property, *see* Dkt. No. 203 (the "Receiver's Motion"), which Senior United States District Judge Sam A. Cummings referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and directed that the matter be set for a hearing and that, upon the conclusion of the hearing, the undersigned enter his Findings, Conclusions, and Recommendation, which will then be considered by Judge Cummings, *see* Dkt. No. 204.

The Receiver seeks to sell certain real property located at 6750 FM 1189 in Weatherford, Texas 76087 consisting of approximately 17.648 acres (the "Weatherford

Property") as described in the Receiver's Motion.

## Background

Pursuant to an Order Appointing Appraisers, Approving Appraisals of Certain Real Property and Setting Hearing Regarding Approval of Sale, *see* Dkt. No. 205 (the "Order"), the Court appointed the three appraisers identified by the Receiver in the Receiver's Motion as qualified disinterested persons for appraisal of the Weatherford Property pursuant to 28 U.S.C. § 2001(b), *see id.*

Pursuant to the Order, the Court accepted the appraisals of the Weatherford Property from the Appraisers as required by 28 U.S.C. § 2001(b). *See id.* The Appraisers appraised the value of the Weatherford Property at $450,000, $310,000, and $265,000, with an average appraised value of $341,666. *See* Dkt. No. 203, Exhibit B.

Pursuant to 28 U.S.C. § 2001(b), the Court set a hearing by video teleconference for September 30, 2020 at 10:00 a.m. to hear arguments and objections regarding the confirmation of the sale of the Weatherford Property (the "Hearing"). *See* Dkt. No. 205.

Pursuant to 28 U.S.C. § 2001(b), and as reflected in Exhibit A as admitted at the Hearing, the Receiver published notice of the proposed sale of the Weatherford Property and the Hearing in the *Weatherford Democrat.*

The notices invited anyone with a bona fide offer to purchase the Weatherford Property for at least a ten percent increase over the price agreed to by the Receiver in the sales contract included in the Receiver's Motion and

2

presented to the Court for confirmation (the "Sales Contract"), *see* Dkt. No. 203, Exhibit A, to present the offer to the Receiver.

The Receiver did not receive prior to or at the Hearing any offers to purchase the Weatherford Property that exceeded the price agreed to by the Receiver in the Sales Contract.

## Legal Standards & Analysis

28 U.S.C. § 2001(b) provides:

> After a hearing, of which notice to all interested parties shall be given by publication or otherwise as the court directs, the court may order the sale of such realty or interest or any part thereof at private sale for cash or other consideration and upon such terms and conditions as the court approves, if it finds that the best interests of the estate will be conserved thereby. Before confirmation of any private sale, the court shall appoint three disinterested persons to appraise such property or different groups of three appraisers each to appraise properties of different classes or situated in different localities. No private sale shall be confirmed at a price less than two-thirds of the appraised value. Before confirmation of any private sale, the terms thereof shall be published in such newspaper or newspapers of general circulation as the court directs at least ten days before confirmation. The private sale shall not be confirmed if a bona fide offer is made, under conditions prescribed by the court, which guarantees at least a 10 per centum increase over the price offered in the private sale.

Here, the Receiver has complied with each of Section 2001(b)'s requirements, where:

- the Court appointed three disinterested persons to appraise the Weatherford Property;
- the Receiver's agreement to sell the Weatherford Property for $300,000 exceeds two-thirds of the $341,666 average appraised value of the Weatherford Property;
- the terms of the Sales Contract were published in a newspaper of general circulation at least ten days before confirmation; and
- no bona fide offer has been made or received by the Receiver that exceeds

the price agreed to which the Receiver agreed in the Sales Contract.

The undersigned concludes that, for the reasons explained above and in the Receiver's Motion and as explained by the Receiver during his testimony at the Hearing, confirming the Receiver's sale of the Weatherford Property is in the best interest of the Receivership Estate and complies with 28 U.S.C. § 2001(b).

## Recommendation

The Court should confirm the Receiver's proposed sale of the Weatherford Property pursuant to the Sales Contract and authorize the Receiver to execute a special warranty deed and such other documents as may be required to sell and convey the Weatherford Property for the sales price of $300,000 pursuant to the Sales Contract.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 30, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE